﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 201203-123904
DATE: February 26, 2021

ORDER

Entitlement to service connection for tinnitus is dismissed.

Entitlement to service connection for bilateral hearing loss is dismissed.

REMANDED

Entitlement to service connection for peripheral artery disease, upper and lower extremities is remanded.

FINDING OF FACT

The Veteran incorrectly and untimely submitted a Notice of Disagreement (NOD), VA Form 10182, to a November 2018 Legacy rating decision, resulting in his appeals for service connection for tinnitus and bilateral hearing loss being added to the Appeals Modernization Act (AMA) docket improperly.

CONCLUSIONS OF LAW

1. The criteria for dismissal of entitlement to service connection for tinnitus without prejudice have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205 (for AMA) § 19.55 (legacy).

2. The criteria for dismissal of entitlement to service connection for bilateral hearing loss have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205 (for AMA) § 19.55 (legacy).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty with the United States Navy from active duty from June 1943 until December 1945.

These matters come before the Board of Veterans' Appeals (Board) on appeal from the September 2020 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

1. Entitlement to service connection for tinnitus

2. Entitlement to service connection for bilateral hearing loss

As a threshold matter, on August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law created a new framework for veterans dissatisfied with VA’s decision on their claim to seek review.

As explained in 38 C.F.R. § 19.2, the AMA, or “modernized review system” as described in the regulation, became effective February 19, 2019. Because the Agency of Original Jurisdiction (AOJ) notified the Veteran of its November 2018 rating decision, which denied service connection for tinnitus and bilateral hearing loss, via a letter in November 2018, the “Legacy” appellate system defines the framework governing this decision. Viewed another way, because the AOJ notified the Veteran of its decision prior to February 19, 2019, he cannot appeal its Legacy decision in the modernized system. Thus, when the Veteran, in December 2020, attempted to appeal the bilateral hearing loss and tinnitus issues from the November 2018 rating decision by submitting a VA Form 10182, “Decision Review Request: Board Appeal,” he erred. The Board does not have jurisdiction of this appeal as to these issues and must dismiss these claims.

REASONS FOR REMAND

Entitlement to service connection for peripheral artery disease, upper and lower extremities is remanded.

The Board notes that the Veteran was not provided a VA medical examination and opinion in regard to the claimed condition.

VA’s duty to assist requires it to provide an adequate medical examination and/or obtain a medical opinion if the evidence is not sufficient to decide the claim. However; in order for the duty to assist to be triggered, the following must be present: (A) competent lay or medical evidence of a current disability, persistent, or recurrent symptoms of a disability, (B) evidence establishing the Veteran suffered an event, injury, or disease or symptoms of a disease, and (C) evidence indicating that the claimed disability or symptoms may be associated with the established event, injury, or disease in service. 38 C.F.R. § 3.159(c)(4)(i). The Board finds that the requirements have been met in order to trigger the VA’s duty to assist for the reasons stated below.

In this case, without adequate medical examination and medical opinion regarding to the Veteran’s claimed condition, the Board finds the current evidence to be insufficient to decide the claim. The evidence currently of record reflects a currently diagnosed disorder and the Veteran has consistently attributed his disorder to exposure to cold weather during service. VA’s duty to assist by providing the Veteran an examination for his claim as thus been triggered. Therefore, VA medical examinations and medical opinions are required by VA’s duty to assist the Veteran in developing evidence to substantiate his claim to service connection and the claim must be remanded to correct this pre-decisional duty to assist error.

The matters are REMANDED for the following action:

1. Obtain and associate with the claims file any VA treatment records not already of record.

2. Schedule the Veteran for a VA medical examination for the claim of service connection for peripheral artery disease (PAD). An opinion shall be obtained from an appropriately qualified examiner. The claims file, to include this remand, should be made available for the examiner to review and the examination report should reflect that such review was accomplished.

The examiner must provide an opinion as to whether it is at least as likely as not that the Veteran has PAD related to an in-service injury, event, or disease.

 

 

DELYVONNE M. WHITEHEAD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Brandon A. Williams, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.